## Carrie B. Hathaway v. E. S. Masterson.

1. SURETIES—*Effect of a Discharge of the Principal in Bankruptcy.* —When the principal in an obligation has been discharged in bankruptcy and a civil action is pending against him and his surety, such surety shall be entitled to have an *exoneretur* entered upon the records of the court in which such action is pending.

Petition to Have an Exoneretur Entered.—Error to the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

Statement.—William C. Furman having been arrested on a writ of capias ad satisfaciendum, and being in the custody of the sheriff, under chapter 72 of the revised statutes, petitioned the County Court for his discharge.

July 5, 1899, the County Court, pursuant to section 8 of said chapter, adjourned the hearing on Furman's petition and allowed him to give bond for his appearance in the sum of $600. Furman gave bond, with the plaintiff in error in this suit as surety. The condition of the bail bond so far as here relevant is as follows:

" Now if the said William C. Furman shall appear before said County Court at the court house in Chicago, in said county, on the day and hour last above named, and from day to day thereafter until said matter shall be finally disposed of by said court * * * then this obligation shall be void; otherwise to be and remain in full force and virtue."

The hearing of Furman's petition was time after time adjourned from July 5, 1899, to July 26, 1899, on which day there was a hearing upon the petition. The petition was allowed and the petitioner discharged on the ground that malice was not the gist of the action. The creditor, Masterson, prayed an appeal, which was allowed, conditioned on his filing a bond in the sum of $250 by September 12, 1899.

September 11, 1899, on motion of the creditor, the County Court ordered that the time within which to file a bond and bill of exceptions should be extended ten days. September 20, 1899, the appeal bond was approved and filed; subsequently the judgment of the County Court in discharging the prisoner was reversed by the Appellate Court. The cause was redocketed in the County Court June 19, 1900, and an order was entered remanding the defendant, Furman, to the custody of the sheriff.

The 27th of June, 1900, Carrie B. Hathaway filed her petition in the County Court setting forth the foregoing, that she was surety for the appearance of said Furman in the County Court from time to time until his petition for release under the insolvent debtor's act should be finally disposed of.

The petition then recites that on the 19th day of July, 1899, Furman secured a discharge in bankruptcy by an order entered by the District Court of the United States, Northern District of Illinois, and a certified copy of such order is attached to and made a part of the petition.

The petition states that the petitioner is entitled to have an *exoneretur* entered upon the records of the court, which should operate as a discharge of the bond entered into by her, in accordance with the 24th paragraph of chapter 16, Revised statutes of Illinois.

" The petitioner therefore prayed that such *exoneretur* may be entered upon the records of the court as above set forth, and that an order may be entered discharging her from liability under said bond, and for such other relief as to the court may seem meet and proper."

E. S. Masterson, the respondent to this petition, answered,

denying that the petitioner was entitled to any of the relief prayed for by her in her petition.

The petition of Carrie B. Hathaway, and the answer thereto, were heard by the County Court on June 27, 1900, upon the petition and answer, and the prayer of said petition was denied at the cost of the petitioner. From which order the said petitioner prosecutes this writ of error.

LOWDEN, ESTABROOK & DAVIS, attorneys for plaintiff in error.

MASTERSON & HAFT, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

At the time the petition of Carrie P. Hathaway for an order of *exoneretur* was filed, suit upon the bond signed by her was pending; to which suit she then had, for reasons stated in People, for use of Masterson, v. Hathaway, *post*, a good defense. Such being the case there was no occasion for the petition filed by her. Masterson, having been by error of court deprived of the security he had for the payment of his judgment, ought not to be unnecessarily vexed with suits and costs.

The petition of plaintiff in error set forth that William C. Furman had been discharged in bankruptcy from all debts and claims" * * * "except such debts as are by law excepted from the operation of a discharge in bankruptcy."

It does not appear that the judgment against him in favor of Masterson is one of the debts from which Furman was discharged.

The judgment of the County Court is affirmed.